IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ALLEN F. CALTON #1123880** | § | |
| | § | |
| **V.** | § | A-21-CV-846-LY |
| | § | |
| **DAVID G. GUTIERREZ,** | § | |
| **et al.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court are Plaintiff's complaint, affidavit in support, and motion for the clerk to issue summons. Plaintiff, proceeding *pro se*, paid the full filing fee for this action.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Connally Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of attempted murder and sentenced to life in prison on May 20, 2004.

Plaintiff alleges the Board of Pardons and Paroles (the "Board") arbitrarily denied him access to the Texas clemency process. He complains the chairperson and members of the Board

1

refuse to provide him an evidentiary hearing to prove his actual innocence. He further complains the Board will not vote or consider a clemency application submitted by Plaintiff unless Plaintiff includes with his application (1) a written recommendation of at least two of the current trial officials of the court of conviction, with one trial official submitting documentary evidence of actual innocence, or (2) a certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact and conclusions of law where the court recommends that the Court of Criminal Appeals grant state habeas relief on the grounds of actual innocence. Plaintiff asserts he cannot obtain such an order without first being afforded an evidentiary hearing in a court of competent jurisdiction.

Plaintiff seeks a declaration that the Fourteenth Amendment guarantees Plaintiff an evidentiary hearing in order that consideration and a vote be made on his petition for executive clemency based on his claim of actual innocence. Specifically, he seeks a declaration and an injunction ordering that Plaintiff be allowed (1) a hearing before a court of competent jurisdiction, (2) the right to confront evidence and witnesses through cross-examination, (3) the right to present evidence and witnesses secured by the Board's subpoena if necessary, (4) the right to written findings of fact and conclusions of law, recommendations and decision of the hearing officer, (5) the right to be represented by counsel, (6) the right to have the hearing transcribed by a court reporter, (7) the right to adequately prepare for the hearing, (8) the right for Plaintiff to be present at the hearing, and (9) to have the hearing be open to the public upon his request.

DISCUSSION AND ANALYSIS

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff does not assert a constitutional entitlement to clemency, and it is well-established that no such right exists. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[A]n inmate has 'no constitutional or inherent right' to commutation of his sentence." (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979))); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280–82 (1998) (applying Dumschat's reasoning to a death row inmate's petition for clemency). Instead, Plaintiff asserts the Board arbitrarily denied him access to the clemency process.

However, Plaintiff does not assert an arbitrary clemency proceeding akin to the flip of a coin or a complete denial of access to the clemency process. *See Faulder v. Texas Board of Pardons and Paroles*, 178 F.3d 343, 344 (5th Cir. 1999) (citing *Woodard*, 523 U.S. at 289 (O'Connor, J., concurring)). Rather, Plaintiff simply does not qualify under the Board's rules to file a clemency

application based on actual innocence because he does not have (1) a written recommendation of at least two of the current trial officials of the court of conviction, with one trial official submitting documentary evidence of actual innocence, or (2) a certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact and conclusions of law where the court recommends that the Court of Criminal Appeals grant state habeas relief on the grounds of actual innocence. The fact Plaintiff has been unable to establish his actual innocence in his state habeas corpus proceedings does not render the state's clemency proceedings unconstitutional.

Relief may be had under § 1983 only for an alleged deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. As Plaintiff has failed to allege a violation of his constitutional rights, he fails to state a cause of action upon which relief may be granted.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and any pending motions be dismissed.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on October 18, 2021.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE